UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMETRIUS McBRIDE,

      Petitioner,

v.

JEFFREY WOODS,

      Respondent.
_____/

Civil Action No. 06-CV-10170

HON. BERNARD A. FRIEDMAN

### OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS

Petitioner Demetrius McBride, presently confined at the Kinross Correctional Facility in Kincheloe, Michigan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his convictions for unarmed robbery, Mich. Comp. Laws § 750.530; and being a fourth felony habitual offender, Mich. Comp. Laws § 769.12. For the reasons that follow, the court shall deny the petition.

### I. Background

Petitioner pled *nolo contendere* to the above charges in Wayne County Circuit Court. In exchange for his plea, the prosecutor agreed to dismiss two charges of armed robbery, three counts of felonious assault, and one charge of felony-firearm, third or subsequent conviction, against petitioner. The parties further agreed that petitioner would receive a prison sentence of ten to twenty years and that this sentence would run concurrent to sentences that petitioner had received in a separate case in the same court.[1] Petitioner's conviction was affirmed on appeal. *See People v.*

---

[1] Petitioner was tried with a co-defendant and convicted in that case of armed robbery, felon in possession of a firearm, and possession of a firearm during commission of a felony, third or subsequent conviction. Petitioner was sentenced to a ten-year consecutive term for

*McBride,* No. 253637 (Mich. Ct. App. Mar. 25, 2004); *lv. den.* 471 Mich. 886 (2004).

Petitioner subsequently filed a petition for a writ of habeas corpus, in which he sought habeas relief on the two grounds that he raised in the Michigan courts on his direct appeal. This court granted petitioner's motion to hold the petition in abeyance while he returned to the state courts to exhaust additional claims. *See McBride v. Lafler*, No. 2006 WL 305647 (E.D. Mich. Feb. 8, 2006).

Petitioner then filed a post-conviction motion for relief from judgment pursuant to MCR 6.500, *et seq.,* which the trial court denied. *See People v. McBride,* No. 03-006582-01 (Wayne County Cir. Ct., June 21, 2006). The Michigan Court of Appeals dismissed petitioner's delayed application for leave to appeal for lack of jurisdiction pursuant to MCR 7.205(F)(3) because it was filed more than twelve months after the trial court had denied petitioner's motion. *See People v. McBride,* No. 279051 (Mich. Ct. App. Aug. 3, 2007). The Michigan Supreme Court denied petitioner leave to appeal. *See People v. McBride,* 483 Mich. 1109 (2009).

This court subsequently lifted the stay of proceedings and reinstated the petition to the court's active docket. *See McBride v. Woods*, No.2009 WL 2983115 (E.D. Mich. Sept. 15, 2009). Petitioner seeks a writ of habeas corpus on the following grounds:

> I. The state court erred in denying Petitioner an opportunity to withdraw his *nolo contendere* plea prior to sentencing where fair and just reasons for plea withdrawal were offered and there was no substantial prejudice to the state in violation of petitioner's right to a speedy and public trial under the Sixth Amendment and denial of

---

felony-firearm, and to concurrent terms of 23 years and nine months to 50 years on the armed robbery, and two to five years on the felon in possession conviction. *See People v. Green*, No. 2005 WL 1959494 (Mich. Ct. App. Aug. 16, 2005); *lv. den.* 474 Mich. 982 (2005). Petitioner is currently challenging this conviction in a habeas petition in a separate case. *See McBride v. Woods,* 2010 WL 3198891 (E.D. Mich. Aug. 12, 2010).

the right to a fair trial under the Due Process Clause of the Fourteenth Amendment. U.S. Const. Ams. VI, XIV.

II. Petitioner should be allowed to withdraw his no contest plea and proceed to trial as his plea was involuntary due to the ineffective assistance of counsel. U. S. Const. Ams. VI, XIV.

III. The trial court was divested of jurisdiction over the defendant and lacked jurisdictional subject matter due to the failure of the court to first arraign the petitioner as required by law. U.S. Const. Am. XIV.

IV. Petitioner was denied the effective assistance of appellate counsel for failing to raise petitioner's constitutional due process right. U.S. Const. Ams. VI, XIV.

V. The court abused its discretion when it told the petitioner that it would not appoint another counsel and that petitioner would have to represent himself against the State of Michigan in a multiple count in violation of the petitioner's Sixth Amendment constitutional right.

## II. Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The Supreme Court has said: "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Further, "[u]nder the

'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

### III. Discussion

**A. Petitioner's Third, Fourth and Fifth Claims are Unexhausted and Procedurally Defaulted**

Respondent contends that petitioner's third, fourth, and fifth claims were never properly exhausted with the state courts because petitioner raised these claims for the first time on state post-conviction review but failed to file a timely application for leave to appeal with the Michigan Court of Appeals following the trial court's denial of his post-conviction motion for relief from judgment.

A prisoner seeking federal habeas relief must first exhaust available state court remedies before raising a claim in federal court. *See* 28 U.S.C. § 2254(b) and (c); *Picard v. Connor*, 404 U. S. 270, 275-78 (1971). A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court. *See Mohn v. Bock,* 208 F. Supp.2d 796, 800 (E.D. Mich. 2002). A habeas petitioner has the burden of proving exhaustion of state court remedies. *See Sitto v. Bock,* 207 F. Supp.2d 668, 675 (E.D. Mich. 2002). A federal district court generally should dismiss a habeas petition that contains any unexhausted claims. *See Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982).

The trial court denied petitioner's motion for relief from judgment on June 21, 2006. Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. *See* MCR 6.509, 7.203 and MCR 7.302; *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). A criminal

4

defendant in Michigan has twelve months from the denial of a motion for relief from judgment by the trial court to file an application for leave to appeal with the Michigan Court of Appeals. *See* MCR 6.509 (A), 7.205(F)(3). Petitioner's application for leave to appeal was filed with the Michigan Court of Appeals on July 2, 2007, which was more than twelve months after the trial court had denied petitioner's motion for relief from judgment. The Michigan Court of Appeals dismissed petitioner's application for leave to appeal for lack of jurisdiction because it was not filed within twelve months of the trial court's June 21, 2006 order.

A habeas petitioner "cannot circumvent the exhaustion requirement by failing to comply with state procedural rules." *Coleman v. Mitchell,* 244 F.3d 533, 538 (6th Cir. 2001). Because petitioner's appeal was dismissed as untimely, none of his claims were fairly presented, for purposes of the exhaustion requirement, to the Michigan Court of Appeals. *See Gordon v. Howes,* No. 2009 WL 1883868, at * 4 (W.D. Mich. June 30, 2009); *Gilbert v. Preslesnik*, No. 2008 WL 4552956, at * 2 (W.D. Mich. Sept. 30, 2008). Therefore, petitioner's third, fourth, and fifth claims are unexhausted.

Petitioner no longer has any available state court remedies with which to exhaust these claims. Under MCR 6.502(G)(1), a criminal defendant in Michigan is permitted to file only one post-conviction motion for relief from judgment. *See Gadomski v. Renico,* 258 Fed.Appx. 781, 783 (6th Cir. 2007); *Hudson v. Martin*, 68 F. Supp.2d 798, 800 (E.D. Mich. 1999). If a prisoner fails to present his claims to the state courts and he is now barred from pursuing relief there, his petition should not be dismissed for lack of exhaustion because there are simply no remedies available for him to exhaust. However, the prisoner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state

courts and actual prejudice to his defense at trial or on appeal. *See Hannah v. Conley*, 49 F.3d 1193, 1195-96 (6th Cir. 1995). A claim of actual innocence will excuse this "cause and prejudice" requirement. *Id.* at 1196 n.3. However, such a claim requires petitioner to support the allegations of constitutional error with new, reliable evidence that was not presented at trial. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995).

In the present case, petitioner has offered no reason for his failure to properly exhaust his third, fourth, and fifth claims. Because petitioner has not demonstrated any cause for his procedural default, it is unnecessary to reach the prejudice issue. *Smith*, 477 U.S. at 533; *Rowls v. Jamrog,* 193 F. Supp.2d 1016, 1026 (E.D. Mich. 2002). Additionally, petitioner has not presented any new, reliable evidence to support any assertion of innocence which would allow the court to consider this claim as a ground for relief despite the procedural default. Although petitioner claims that he has an alibi for this crime, he has presented the affidavit of only one witness, Cheryl Allen, who claims that petitioner was with her at the time of this crime. This affidavit is signed and dated December 31, 2005, over two years after petitioner pleaded *nolo contendere* and almost three years after the crime was committed. Morever, it appears that Ms. Allen is a family member of petitioner's, although she does not specify the precise nature of her relationship in her affidavit. By contrast, the two victims of the crimes, Patricia Ann Frazier and David Marshall, positively identified petitioner as their assailant both at a live line-up and at the preliminary examination. (Preliminary Examination Tr., 5/28/2003, pp. 5, 13, 25-26, 29, 32-33.) Allen's affidavit does not satisfy the miscarriage of justice exception because petitioner was aware of his alleged alibi defense at the time of his plea. *See Smith v. McKee,* 598 F.3d 374, 388 (7th Cir. 2010). More importantly, Allen's belated affidavit "does not sufficiently counter the state's two

eye witness identifications." *Id. See also Hayes v. Battaglia*, 403 F.3d 935, 937 (7th Cir. 2005).

Because petitioner has not presented any new, reliable evidence that he is innocent of this crime, a miscarriage of justice will not occur if the court declines to review petitioner's third, fourth, and fifth claims on the merits. *See Thirkield v. Pitcher,* 199 F. Supp.2d 637, 654 (E.D. Mich. 2002).

Even if petitioner had established cause for his default, he would be unable to satisfy the prejudice prong of the exception because his third, fourth, and fifth claims would not entitle him to relief. For the reasons stated by the Wayne County Circuit Court judge in his thorough, eleven page opinion rejecting petitioner's post-conviction motion for relief from judgment, *see People v. McBride,* No. 03-06582-01, petitioner has failed to show that his third, fourth, or fifth claims have any merit. The reasons justifying the denial of petitioner's claims were "ably articulated by the" trial court in denying petitioner's motion for relief from judgment, therefore, "the issuance of a full written opinion" by this court regarding these claims "would be duplicative and serve no useful, jurisprudential purpose." *Bason v. Yukins,* 328 Fed. Appx. 323, 324 (6th Cir. 2009. Petitioner's third, fourth, and fifth claims are thus barred by procedural default and do not warrant relief.

### B. Petitioner's First and Second Claims Lack Merit

Petitioner's first claim is that the trial court should have permitted him to withdraw his *nolo contendere* plea because he is innocent. Petitioenr's second claim is that his plea was involuntary because he was deprived of the effective assistance of counsel.

Initially, the court notes that petitioner has no absolute right to withdraw his *nolo contendere* plea. *See Shanks v. Wolfenbarger,* 387 F. Supp.2d 740, 748, 655 (E.D. Mich. 2005).

7

Unless the plea violated a clearly established constitutional right, whether to allow the withdrawal of the plea is discretionary with the state trial court. *See id.*

A guilty or *nolo contendere* plea that is entered in state court must be voluntarily and intelligently made. *See Shanks,* 387 F. Supp.2d at 749; *Doyle v. Scutt,* 347 F. Supp.2d 474, 482 (E.D. Mich. 2004). For a plea to be voluntary and intelligent, the defendant must be aware of the "relevant circumstances and likely consequences" of his plea. *Hart v. Marion Corr. Inst.*, 927 F.2d 256, 257 (6th Cir. 1991). The defendant must also be aware of the maximum sentence that can be imposed. *See King v. Dutton*, 17 F.3d 151, 154 (6th Cir. 1994). When a habeas petitioner challenges his plea, "the state generally satisfies its burden by producing a transcript of the state court proceeding" showing that the plea was voluntary and intelligent. *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993). A habeas court will uphold the plea if the circumstances demonstrate that the defendant understood the nature and consequences of the charges and voluntarily chose to tender a plea. *See Shanks,* 387 F. Supp.2d at 749.

The court notes that petitioner was aware of his alleged alibi defense and counsel's alleged deficiencies at the time that he entered his *nolo contendere* plea. The Sixth Circuit has stated that "[w]here a defendant is aware of the condition or reason for a plea withdrawal, at the time the guilty plea is entered, a case for withdrawal is weaker." *United States v. Spencer,* 836 F.2d 236, 239 (6th Cir. 1987). Moreover, with respect to petitioner's purported alibi defense, petitioner did not specify the nature of his alibi defense or the names of his alibi witnesses when he moved to withdraw his plea. Unsupported assertions of innocence are insufficient to permit a defendant to withdraw his guilty plea. *See United States v. Jones*, 336 F.3d 245, 252 (3rd Cir. 2003) ("Assertions of innocence must be buttressed by facts in the record that support a claimed

8

defense."); *Everard v. United States*, 102 F.3d 763, 766 (6th Cir. 1996) (citing authority for the proposition that "the mere assertion of innocence, absent a substantial supporting record, is insufficient to overturn a guilty plea, even on direct appeal").

As noted above, petitioner's alibi witness did not sign her affidavit until December 2005, long after petitioner had pled *nolo contendere*. Additionally, two eyewitnesses positively identified petitioner as their assailant at both a pre-trial lineup and at the preliminary examination. In rebutting petitioner's claim of actual innocence to the charge, it was permissible for the trial judge to consider all of the evidence of petitioner's guilt that the prosecution had marshaled to determine whether petitioner should be permitted to challenge his plea. *See Waucash v. United States,* 380 F.3d 251, 254-55 (6th Cir. 2004). Given that there were two eyewitnesses who positively identified petitioner as their assailant, coupled with the fact that petitioner did not offer any substantial evidence to support his alleged alibi defense at the time of his plea withdrawal, it was not unreasonable for the trial court to deny petitioner's motion to withdraw his plea.

Petitioner further contends that he should be permitted to withdraw his plea because his counsel was ineffective for failing to adequately investigate his alibi defense. This claim fails because it is a nonjurisdictional defect that was waived by petitioner's plea. *See United States v. Stiger,* 20 Fed. Appx. 307, 309 (6th Cir. 2001); *Siebert v. Jackson,* 205 F. Supp.2d 727, 733-34 (E.D. Mich. 2002). Even if the claim were not deemed to be waived, no relief is available because petitioner is unable to show that he was prejudiced by his counsel's advice to plead *nolo contendere*. To show prejudice in the context of a guilty or *nolo contendere* plea, a habeas petitioner must demonstrate there is a reasonable probability that, but for counsel's errors, he would not have pled guilty but would have insisted on going to trial. *See Hill v. Lockhart*, 474 U.S.

9

52, 58-59 (1985). An assessment of whether a defendant would have gone to trial but for counsel's errors "will depend largely on whether the affirmative defense likely would have succeeded at trial." *Id.* at 59. The Sixth Circuit has interpreted *Hill* to require a habeas court to analyze the substance of the habeas petitioner's underlying claim or defense to determine whether, but for counsel's alleged error, petitioner would likely have gone to trial instead of pleading guilty or *nolo contendere*. *See Maples v. Stegall,* 340 F.3d 433, 440 (6th Cir. 2003). Petitioner must therefore show a reasonable probability that, but for counsel's errors, he would not have pled guilty or *nolo contendere* because there would have been a reasonable chance that he would have been acquitted had he insisted on going to trial. *See Doyle v. Scutt,* 347 F. Supp.2d 474, 484 (E.D. Mich. 2004).

In the present case, petitioner has failed to make the required showing. In light of the fact that two eyewitnesses positively identified petitioner as their assailant, petitioner is unable to establish that he was prejudiced by counsel's failure to present an alibi defense with Allen as his witness. *See Woods v. Schwartz*, 589 F.3d 368, 378 (7th Cir. 2009). "[T]wo eyewitnesses is very strong evidence of guilt." *Id.* Moreover, any decision not to call petitioner's relative as an alibi witness was not objectively unreasonable, because she was a family member with a strong motive to fabricate an alibi defense on petitioner's behalf. *See Ball v. United States,* 271 Fed. Appx. 880, 884 (11th Cir. 2008). As such, her "testimony would not have been particularly compelling and would have been subjected to vigorous impeachment." *Id. See also Ingrassia v. Armontrout,* 902 F.2d 1368, 1370-71 (8th Cir. 1990) (petitioner failed to demonstrate that counsel was ineffective when advising petitioner to plead guilty; counsel told petitioner that there was no merit in pursuing alibi because no one would believe brother, father, or wife); *United States ex. rel. Emerson v. Gramley,* 883 F. Supp. 225, 236-37 (N.D. Ill. 1995) (counsel not ineffective in failing to call

petitioner's mother and ex-wife as alibi witnesses, because they were "patently interested witnesses" who would have added little value to the case).

Under these circumstances, petitioner has failed to show that he had a viable defense to the charges in this case or that he would have received a lesser sentence by going to trial than by pleading *nolo contendere.* Accordingly, petitioner has failed to show that counsel was ineffective for advising him to plead *nolo contendere*. Petitioner is not entitled to habeas relief on his first and second claims.

## IV. Conclusion

For the reasons indicated above, the court shall deny the petition in this matter for a writ of habeas corpus. The court shall also decline to issue a certificate of appealability, and shall not authorized petitioner to proceed on appeal *in forma pauperis*, as petitioner has failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). Accordingly,

IT IS ORDERED that petitioner's application for a writ of habeas corpus is denied.

IT IS FURTHER ORDERED no certificate of appealability shall issue.

IT IS FURTHER ORDERED that petitioner may not proceed on appeal *in forma pauperis*.

|  | S/Bernard A. Friedman |
|---|---|
| Dated: August 27, 2010 | BERNARD A. FRIEDMAN |
| Detroit, Michigan | SENIOR UNITED STATES DISTRICT JUDGE |

I hereby certify that the foregoing document was served on counsel of record electronically and by first class mail to Demetrius McBride #192629, Newberry Correctional Facility, 3001 Newberry Avenue, Newberry, MI 49868.

S/Felicia Moses for Carol Mullins
Case Manager